Mr. Justice Hagner
delivered the opinion of the court:
This case which 1ms been certified here, raises an interesting point of practice.
The complainants allege they are holders by mesne conveyances of certain lots in this District, which were attempted to be conveyed by the ancestors of the defendants, by deeds dated March 23, 1802, and May 15, 1803, but which were not acknowledged in such form as entitled them to be recorded, and never were, in fact, recorded among the records of the District. They rely upon the deeds, notwithstanding the insufficiency in their acknowledgment and record as constituting in legal effect valid contracts to convey a fee to the grantees therein, and vesting in them a complete equitable title to the property; and pray the said contracts may be enforced against the heirs of the grantors, and that a trustee may be appointed by this court *473 to execute conveyances of the said lands to the complainants, according to their respective interests.
The bill charges the complainants have been unable to ascertain the names or residences of the heirs of John Fry, jr., and William Dickinson, jr., the said grantors, and prays for an order of publication against them. On an application to the Equity Court for'such an order, a question arose as to its proper form, and as to the time and manner in which it should be published ; and that question was certified to the General Term to be heard in the first instance.
Sec. 787, Rev. Stat. D. C., provides that “publication may be substituted for personal service of process upon any defendant who cannot be found, in suits for partition, divorce, by attachment, for the foreclosure of mortgages and deeds of trust, and for the enforcement of mechanics’ liens and all other liens against real or personal property, and in all actions at law or in equity, which have for their immediate object the enforcement or establishment of any lawful right, claim, or demand to or against any real or personal property within the jurisdiction of the court.”
This is an application under the 4th Section of the Maryland Act of 1792, Oh. 41; which is in the words:
“ If any person, having contracted for the sale of any lands, tenements, or hereditaments, and not having conveyed the same, hath died, or shall die, without leaving an heir known of and capable of inheriting his real estate, it shall be lawful for the chancellor, upon a bill filed by the person entitled to the conveyance, and such notice being given in the public newspapers, or otherwise, as the chancellor shall direct, to decree that the legal title and estate shall be vested in the person entitled to such conveyance, according to the terms of the contract, and thereupon and by virtue of such decree, such legal title and estate shall be transferred and vested accordingly ; and if the person filing his bill as aforesaid shall not have paid the whole purchase money, the chancellor may order that such purchase money *474 shall be paid, or secured in such manner as he shall think most safe and proper for the benefit of the legal representative of the person dying as aforesaid.”
Although Section 787 does not expressly contain in its enumeration of proceedings, in which publication may be made, an application like the present, we think the words of the section are large enough to comprehend this proceeding, ánd that a notice in accordance with Law Rule 20 of this court, will be ample to secure the object designed by the requirement as to notice in the Act of 1792.

Cause remanded.